The Honorable Marc Barreca
Hearing Date: January 4, 2019 at 9:30 a.m.
Response Date: December 28, 2018

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>Christine Tavares,<br><br>    Debtor.<br>_____<br><br>Christine Tavares,<br><br>    Plaintiff,<br><br>-vs.-<br><br>Alabama Housing Finance Authority, a foreign public corporation doing business in Washington as ServiSolutions,<br><br>    Defendant. | Bankruptcy Case No. 16-14901-MLB<br><br><br><br>Adversary Case No. 18-01002-MLB<br><br>**AMENDED MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT** |

Defendant Alabama Housing Finance Authority ("Defendant" or "AHFA"), pursuant to Rule 65, Fed. R. Civ. P, respectfully requests that this Honorable Court enter an Order addressing the dissolution of the temporary injunction order and for the distribution of the funds on deposit with the Clerk of Court to AHFA. <u>This amended motion provides information (*see* ¶ 6) regarding the sum initially deposited with the Clerk as well as the current principal balance as of December 18, 2018</u>. In support of the requested relief, the Defendant submits the following:

**The Court's Order Dismissing the Plaintiff's Complaint *Ipso Facto* Dissolved the Temporary Restraining Order**

    1.    Before the referral of the action to this Court for all pre-trial proceedings (Doc. 1),

the Honorable Marsha J. Pechman, United States District Judge, issued an Order (Doc. 19) in Case No. 2:17-cv-01599-MJP (United States District Court for the Western District of Washington at Seattle) granting Plaintiff Christine Tavares' motion requesting the entry of injunctive relief halting the non-judicial sale of the home that serves as security for the mortgage loan.

2. A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (citing *Sweeney v. Hanley,* 126 F. 97, 99 (9th Cir.1903); *United States ex rel. Bergen v. Lawrence,* 848 F.2d 1502, 1512 (10th Cir.1988) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one. The preliminary injunction was by its very nature interlocutory, tentative and impermanent."); *Fundicao Tupy S.A. v. United States,* 841 F.2d 1101, 1103 (Fed.Cir.1988) ("[A]lthough a preliminary injunction is usually not subject to a fixed time limitation, it is *ipso facto* dissolved by a dismissal of the complaint or the entry of a final decree in the cause.") (internal quotation marks omitted); *Cypress Barn, Inc. v. W. Elec. Co.,* 812 F.2d 1363, 1364 (11th Cir.1987); 11A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2947 (2005)). This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause. *See Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir.1984) ("A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the

MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT
Adversary Case No. 18-01002-MLB

2

Case 18-01002-MLB    Doc 89    Filed 12/18/18    Ent. 12/18/18 12:16:57    Pg. 2 of 6

status quo and preventing the irreparable loss of rights before judgment.").

3. Consistent with the principles above, in *Schubert v. Bank of New York Mellon,* 2017 WL 4685707, at *1 (N.D. Calif. July 18, 2017), the plaintiff secured a temporary restraining order enjoining a trustee's scheduled property sale. Thereafter, the defendants moved to dismiss the action, which the court granted but gave plaintiff leave to file an amended complaint to add claims based on an alleged breach of a settlement agreement. *Id.* After the plaintiff filed his notice of intention not to file an amended complaint, the court dismissed the plaintiff's claims with prejudice. *Id.* Finally, with no existing claims to support the temporary restraining order, the court contemporaneously dissolved the temporary restraining order. *Id.* Based on these well-established legal principles, with the entry of the Court's November 7, 2018 Order (Doc. 83), the temporary restraining order came to an end. As a result, the Defendant requests that the Court enter an Order confirming the dissolution of the temporary restraining order.

**As a Corollary, the Funds on Deposit with the Clerk of Court are due to be Disbursed to AHFA**

4. As a condition of the entry of the temporary restraining order, the Court's Order required the Plaintiff to pay the Clerk of Court the amount of $2,302.66 each month until resolution of the action on the merits. *See* Order (Doc. 19), Case No. 2:17-cv-01599-MP (United States District Court for the Western District of Washington at Seattle). In doing so, the Court specifically noted that, under the Deed of Trust Act ("DTA"), it may restrain a foreclosure sale only if the plaintiff periodically pays the Clerk of Court the amount due under the mortgage loan were the property not being foreclosed on. *Id.*

5. The DTA specifically provides, in pertinent part, "[t]he court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the

MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT
Adversary Case No. 18-01002-MLB

3

Case 18-01002-MLB    Doc 89    Filed 12/18/18    Ent. 12/18/18 12:16:57    Pg. 3 of 6

court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130(1). *See also Tandiama v. NovaStar Mortg., Inc.,* 2005 WL 2206890, at *3 (W.D.Wash.2005) (requiring monthly payments to the court registry under RCW 61.24.130 "because enjoining the foreclosure deprives [the lender] from recovering nearly two years of unpaid principal and interest. Although the court is sympathetic to the [borrowers'] financial plight and the alleged violations that occurred, the [borrowers] cannot remain in their home without making their mortgage payments.")

6. The principal sum initially deposited with the Clerk was $2,302.66. The current amount (as of December 18, 2018) of principal to be disbursed to AHFA is $29,934.58.[1] With the resolution of the Plaintiff's claims, the funds deposited by the Plaintiff with the Clerk of Court in lieu of making the monthly mortgage payment directly to AHFA are due to be distributed to AHFA.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Honorable Court enter an Order addressing the dissolution of the temporary restraining order and directing the Clerk of Court, U. S. District Court for the Western District of Washington (Seattle), to disburse the funds on deposit to the Defendant. In addition, the Defendant seeks such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this the 18th day of December, 2018.

                     */s/ Stephen J. Bumgarner*
                     Stephen J. Bumgarner
                     *Pro Hac Vice*
                     Bar No. 2089M66S
                     Maynard Cooper & Gale, P.C.

---

[1] Per LCR 1(c), Local Rules W.D. Wash., the term "Judge" refers to a United States District Judge, a United States Bankruptcy Judge, or United States Magistrate Judge and the term "Court" refers to the United States District Court for the Western District of Washington and to a Judge, Clerk, or deputy clerk acting on behalf of the Court.

MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT
Adversary Case No. 18-01002-MLB

4

Case 18-01002-MLB    Doc 89    Filed 12/18/18    Ent. 12/18/18 12:16:57    Pg. 4 of 6

| | |
|---|---|
| 1 | 1901 Sixth Avenue North |
| | Suite 2400 |
| 2 | Birmingham, AL 35203 |
| | sbumgarner@maynardcooper.com |
| 3 | (205) 254-1000 |
| 4 | Lance E. Olsen |
| | WSBA 25130 |
| 5 | McCarthy & Holthus, LLP |
| | 108 First Avenue South, Suite 300 |
| 6 | Seattle, WA 98104 |
| | (206) 596-4856 |
| 7 | |
| | Attorneys for Alabama Housing Finance Authority |


1
2   1901 Sixth Avenue North
    Suite 2400
3   Birmingham, AL 35203
    sbumgarner@maynardcooper.com
4   (205) 254-1000

5   Lance E. Olsen
    WSBA 25130
6   McCarthy & Holthus, LLP
    108 First Avenue South, Suite 300
7   Seattle, WA 98104
    (206) 596-4856

Attorneys for Alabama Housing Finance Authority

---

MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT
Adversary Case No. 18-01002-MLB

5

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2018, I filed the foregoing Defendant Alabama Housing Finance Authority's MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT with the Clerk of the Court using the CM/ECF system and served it upon Plaintiff's counsel as follows:

Arthur E. Ortiz
The Law Office of Arthur E. Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
arthur@aeolegal.com

Christina Henry
Henry & DeGraaff, P.S.
150 Nickerson St., Ste 311
Seattle, WA 98109

Rory Livesay
The Livesay Law Firm
600 Stewart St., Ste. 1908
Seattle, WA 98101
rory@liveslaw.com

Peter H. Arkison
Law Office of Peter H. Arkison
103 E. Holly St., Ste. 502
Bellingham, WA 98225
peter@arkison.com

　　　　　　　　　　　　　　　　　　*/s/ Stephen J. Bumgarner*
　　　　　　　　　　　　　　　　　　Of Counsel

MOTION TO DISSOLVE INJUNCTION AND FOR DISBURSEMENT OF FUNDS ON DEPOSIT WITH THE CLERK OF COURT
Adversary Case No. 18-01002-MLB

6

Case 18-01002-MLB    Doc 89    Filed 12/18/18    Ent. 12/18/18 12:16:57    Pg. 6 of 6